### W. WALKER, ET AL. *v.* J. B. BUSH.

[Abstract Kentucky Law Reporter, Vol. 6—514.]

**Forcible Detainer.**

  The warrant of forcible detainer is the proper remedy to secure the possession of real estate where a tenant under a written lease refuses, at the expiration of the tenancy, to surrender possession.

APPEAL FROM GREENUP CIRCUIT COURT.

January 8, 1885.

OPINION BY JUDGE PRYOR:

The testimony for the appellee Bush establishes the right of recovery unless the weight of the evidence for the appellants preponderates to such an extent as would authorize this court to say that the judgment was flagrantly against the testimony.

The written contract between the appellee and his sister shows a renting from the appellee and an agreement to surrender the possession at the end of the term, and the proof further showing that all the parties in possession recognized the tenancy. This is the proof of the plaintiff, and while that on the part of the appellants conduces to show that the writing evidencing the lease was not understood by the party signing it, still it is not ambiguous, but plain and simple in its terms, so much so that any one of ordinary understanding could not have been misled by it. This action should be treated as an ordinary proceeding, and if not the testimony for the appellee authorized the judgment. The land had been sold and the judgment, or the purchase under it, had been transferred to the appellee by Thompson and when this was done the parties in possession, Walker and his mother, recognized Bush as the landlord and held under him. It was not necessary that a writ of habere facias should have issued to have placed Bush in possession. The parties in possession saw that he was entitled to the writ and that an eviction was inevitable, and for that reason entered into the writing by which the property was leased from Bush, and at the expiration of the lease the warrant of forcible detainer was the proper remedy, the appellants refusing to restore the possession. It was at the instance of Richard Walker that induced Bush to rent the land to his sister in exchange for the river place in which his mother had some interest. The contract was written by Bush and sent to the old lady to sign. She must have known what she was doing as well as her son who was then living on the place. It is not denied that she signed it, and there is no escape from the conclusion that she and her son understood its contents.

Judgment *affirmed.*
*Roe & Roe, for appellants.*
*B. F. Bennett, for appellee.*